**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street, NW, Suite 1300
Washington, D.C. 20005,

*Plaintiff*,

v.

COUNCIL ON ENVIRONMENTAL QUALITY
730 Jackson Place, NW
Washington, D.C. 20503,

U.S. FISH & WILDLIFE SERVICE
1849 C Street, NW
Washington, D.C. 20240,

BUREAU OF LAND MANAGEMENT
1849 C Street, NW
Washington, D.C. 20240,

*Defendants*.

Case No.:

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**(Freedom of Information Act, 5 U.S.C. § 552)**

## INTRODUCTION

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, *as amended* ("FOIA"), the Center for Biological Diversity ("Center")—an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats—challenges the Council on Environmental Quality ("CEQ"), the U.S. Fish & Wildlife Service ("FWS"), and the Bureau of Land Management ("BLM") violations of FOIA resulting from their failure to conduct adequate searches and to provide records in response to the Center's FOIA requests seeking records showing action taken by each Defendant in response to Executive Order ("EO") 13,927. Accelerating the Nation's Economic Recovery From the COVID-19

Emergency by Expediting Infrastructure Investments and Other Activities, 85 Fed. Reg. 35,165 (June 9, 2020).

2. EO 13,927 contained provisions requiring the heads of all agencies "to use, to the fullest extent possible and consistent with applicable law" "all statutes, regulations, and guidance documents that may provide for emergency or expedited treatment" of infrastructure projects in order to facilitate the Nation's economic recovery. *Id.* at 35,167, 35,169.

3. On June 4, 2020, when President Donald J. Trump issued EO 13,927, the President specifically directed the heads of agencies to exploit provisions under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq*., the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq*., and the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq*. *Id.* at 35,167–69.

4. As of the filing of this complaint, the Defendants have failed to produce any records responsive to the Center's FOIA requests.

5. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that the Defendants have violated FOIA and injunctive relief directing each Defendant to conduct an adequate search that uses the date of the search as the cut-off date and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

**PARTIES**

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has more than 74,000 members. The Center and its members are harmed by the Defendants' violations of FOIA, as such violations preclude the Center from gaining a full understanding of the nature and number of actions federal agencies have taken to circumvent the will and intention of Congress in enacting statutes such as the NEPA, the ESA, and the CWA, under EO 13,927. The Defendants' failures to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

10. Defendant COUNCIL ON ENVIRONMENTAL QUALITY is a division of the Executive Office of the President within the executive branch of the U.S. government. The CEQ is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). CEQ is a federal entity responsible for applying and implementing the federal laws and regulations at issue in this complaint.

11. Defendant U.S. FISH & WILDLIFE SERVICE is an executive agency within the Department of the Interior, a cabinet-level agency within the executive branch of the U.S. government. FWS is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The FWS is a federal agency responsible for

applying and implementing the federal laws and regulations at issue in this complaint.

12. Defendant BUREAU OF LAND MANAGEMENT is an executive agency within the Department of the Interior, a cabinet-level agency within the executive branch of the U.S. government. BLM is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The BLM is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

13. FOIA's basic purpose is for government transparency. FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

14. Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

15. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison

to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

16. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

17. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

18. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

19. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

20. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## **FACTUAL BACKGROUND**

### **Background to the FOIA Requests**

21. On June 4, 2020, President Donald J. Trump issued EO 13,927, which included numerous provisions to utilize any statute, regulation, or guidance document that may provide for emergency or expedited treatment for infrastructure projects, specifically targeting the NEPA, the ESA, and the CWA, and any regulations or guidance documents under the same. 85

Fed. Reg. 35,167–69.

22. Earlier this year, President Donald J. Trump issued Proclamation 9994, "Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak," 85 Fed. Reg. 15,337 (Mar. 18, 2020), pursuant to the National Emergencies Act, 50 U.S.C. § 1601 *et seq*., and declared that the COVID-19 outbreak was an emergency of national scope under section 501(b) of the Stafford Act, 42 U.S.C. § 5191(b). 85 Fed. Reg. 35,165.

23. EO 13,927 provided requirements for all agencies, as defined under the Paperwork Reduction Act, 44 U.S.C. § 3501 *et seq*., "to speed infrastructure investments and . . . other actions in addition to such investments" in order to "strengthen the economy and return Americans to work." *Id*. at 35,165–66.

24. EO 13,927 applies to all infrastructure projects within the authority of the Secretary of Transportation to perform or advance, to all civil works projects within the authority of the Army Corps of Engineers to perform or advance, and to all infrastructure or other projects located on federal lands. *Id.* at 35,166–67.

25. With respect to the NEPA, EO 13,927 orders all agencies to identify planned and potential actions that may be subject to emergency treatment as alternative arrangements, to statutory exemptions, to categorical exclusions, or that may be covered by already completed NEPA analyses or may otherwise use concise and focused NEPA analyses. *Id*. at 35,167. Agencies are required to transmit a summary report to the Office of Management and Budget ("OMB") Director, the Assistant to the President for Economic Policy, and the Chairman of CEQ of all such identified actions. *Id.* Within 30 days of the summary report, agencies are required to transmit a status report to the OMB Director, the Assistant to the President for Economic Policy, and the Chairman of the CEQ listing all actions taken on identified planned or potential actions,

the status of any previously reported planned or potential actions, and any new planned or potential actions, that may fall under EO 13,927. *Id.* at 35,168. The Chairman of the CEQ shall be available for consultation. *Id.*

26. With respect to the ESA, EO 13,927 orders all agencies to identify planned and potential actions that may be subject to regulation on consultations in emergencies promulgated by the Secretary of the Interior and the Secretary of Commerce. *Id*. Agencies are required to transmit a summary report to the OMB Director, the Assistant to the President for Economic Policy, and the Chairman of CEQ of all such identified actions. *Id.* The Secretaries are required to transmit a summary report to each other. *Id.* Within 30 days of the summary report, agencies are required to transmit a status report to the OMB Director, the Assistant to the President for Economic Policy, and the Chairman of CEQ listing all actions taken on identified planned or potential actions, the status of any previously reported planned or potential actions, and any new planned or potential actions that may fall under EO 13,927. *Id.* The Director of the FWS and the Assistant Administrator for the National Marine Fisheries Service shall be available for consultation. *Id.*

27. With respect to the CWA, EO 13,927 orders all agencies to identify planned and potential actions that may be subject to regulation emergency treatment pursuant to regulations or nationwide permits promulgated by the Army Corps of Engineers either individually or jointly with the Environmental Protection Agency ("EPA"). *Id*. at 35,169. Agencies are required to transmit a summary report to the to the Secretary of the Army, acting through the Assistant Secretary of the Army for Civil Works, the OMB Director, the Assistant to the President for Economic Policy, and the Chairman of CEQ of all such identified actions. *Id.* Within 30 days of the summary report, agencies are required to transmit a status report to the OMB Director, the

Assistant to the President for Economic Policy, and the Chairman of CEQ of listing all actions taken on identified planned or potential actions, the status of any previously reported planned or potential actions, and any new planned or potential actions, that may fall under EO 13,927. *Id.* The Assistant Secretary of the Army for Civil Works shall be available for consultation and take prompt action on matters regarding permitting provisions. *Id.* The Administrator of the EPA shall provide prompt cooperation to the Secretary of the Army and to agencies in connection with the discharge of the responsibilities described in this section. *Id.*

28. Status reports must be submitted every 30 days for the duration of the national emergency. *Id.*

29. When President Donald J. Trump issued EO 13,927, the President characterized the NEPA, the ESA, and the CWA as "[a]ntiquated regulations" and described agencies' implementation of these statutes as "bureaucratic practices [that] have hindered American infrastructure investments," citing the "economic crisis" resulting from the novel coronavirus SARS-CoV-2 as justification for "streamlining an outdated regulatory system that has held back our economy." 85 Fed. Reg. 35,165.

30. While Congress was explicit in its intention to protect the United States' environment, endangered species, and waters by passing the NEPA, the ESA, and the CWA, EO 13,927 makes it clear that the Administration plans to challenge its legal duties.

## **The Center's FOIA Requests to the Defendants**

### **A. CEQ FOIA REQUEST (FY2020-130)**

31. On June 5, 2020, the Center submitted a FOIA request to the CEQ's FOIA e-mail address efoia@ceq.eop.gov. In that request, the Center sought "[t]he records showing actions taken by CEQ in response to Executive Order ("EO"), 'EO on Accelerating the Nation's

Economic Recovery from the COVID-19 Emergency by Expediting Infrastructure Investments and Other Activities,' including email communications."

32. On June 16, 2020, the CEQ acknowledged the Center's FOIA request and assigned it tracking number FY2020-130.

33. As of the date of this complaint, which is 3 workdays after the 20-workday determination deadline of July 6, 2020, the Center has received no records and no additional communications from the CEQ regarding the Center's FOIA request.

34. In connection with the Center's FOIA request, the CEQ has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

35. The CEQ's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

36. The Center has been required to expend resources to prosecute this action.

**B. FWS FOIA REQUEST**

37. On June 5, 2020, the Center submitted a FOIA request to the FWS's online FOIA portal, https://www.foia.gov. In that request, the Center sought "[t]he records showing actions taken by FWS in response to Executive Order ("EO"), 'EO on Accelerating the Nation's Economic Recovery from the COVID-19 Emergency by Expediting Infrastructure Investments and Other Activities,' including email communications."

38. On June 5, 2020, the FWS sent the Center via electronic mail an automated message acknowledging receipt of the FOIA request.

39. On June 5, 2020, the Center sent FWS's FOIA Office Cathy Willis via electronic mail notice informing FWS that this FOIA was the Center's "highest priority" and asking for confirmation from FWS that the agency would prioritize this request first.

40. On June 5, 2020, FWS's FOIA Office Cathy Willis sent the Center via electronic mail notice confirming that FWS received the Center's request and that FWS would prioritize this request first.

41. As of the date of this complaint, which is 3 workdays after the 20-workday determination deadline of July 6, 2020, the Center has received no records and no additional communications from the FWS regarding the Center's FOIA request.

42. In connection with the Center's FOIA request, the FWS has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

43. The FWS's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

44. The Center has been required to expend resources to prosecute this action.

**C. BLM FOIA REQUEST (BLM-2020-00712)**

45. On June 5, 2020, the Center submitted a FOIA request to the BLM's online FOIA portal, https://www.foia.gov. In that request, the Center sought "[t]he records showing actions taken by BLM in response to Executive Order ("EO"), 'EO on Accelerating the Nation's Economic Recovery from the COVID-19 Emergency by Expediting Infrastructure Investments and Other Activities,' including email communications."

46. On June 8, 2020, the BLM acknowledged the Center's FOIA request and assigned it tracking number BLM-2020-00712.

47. As of the date of this complaint, which is 3 workdays after the 20-workday determination deadline of July 6, 2020, the Center has received no records and no additional communications from the BLM regarding the Center's FOIA request.

48. In connection with the Center's FOIA request, the BLM has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

49. The BLM's failure to conduct an adequate search for responsive records and failure to provide all responsive records to the Center undermine FOIA's primary purpose of transparency and openness in government.

50. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Conduct Adequate Searches

COUNT ONE: The CEQ Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

51. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

52. The Center has a statutory right to have the CEQ process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

53. The CEQ violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

54. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the CEQ in the foreseeable future.

55. The Center's organizational activities will be adversely affected if the CEQ continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

56. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the CEQ will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: The FWS Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

57. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

58. The Center has a statutory right to have the FWS process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

59. The FWS violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

60. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FWS in the foreseeable future.

61. The Center's organizational activities will be adversely affected if the FWS continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

62. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FWS will continue to violate the Center's rights to receive public records under FOIA.

COUNT THREE: The BLM Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

63. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

64. The Center has a statutory right to have the BLM process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

65. The BLM violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

66. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the BLM in the foreseeable future.

67. The Center's organizational activities will be adversely affected if the BLM continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

68. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the BLM will continue to violate the Center's rights to receive public records under FOIA.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Promptly Disclose Responsive Records**

COUNT ONE: The CEQ Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

69. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

70. The CEQ violated FOIA and the CEQ's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

71. None of FOIA's statutory exemptions apply to the records that the Center seeks.

72. The Center has a statutory right to the records it seeks.

73. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the CEQ in the foreseeable future.

74. The Center's organizational activities will be adversely affected if the CEQ continues to violate FOIA's disclosure provisions as it has in this case.

75. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the CEQ will continue to violate Plaintiff's rights to receive public records under FOIA.

COUNT TWO: The FWS Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

76. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

77. The FWS violated FOIA and the FWS's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

78. None of FOIA's statutory exemptions apply to the records that the Center seeks.

79. The Center has a statutory right to the records it seeks.

80. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FWS in the foreseeable future.

81. The Center's organizational activities will be adversely affected if the FWS continues to violate FOIA's disclosure provisions as it has in this case.

82. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the FWS will continue to violate Plaintiff's rights to receive public records under FOIA.

COUNT THREE: The BLM Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

83. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

84. The BLM violated FOIA and the BLM's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

85. None of FOIA's statutory exemptions apply to the records that the Center seeks.

86. The Center has a statutory right to the records it seeks.

87. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the BLM in the foreseeable future.

88. The Center's organizational activities will be adversely affected if the BLM continues to violate FOIA's disclosure provisions as it has in this case.

89. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the BLM will continue to violate Plaintiff's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

COUNT ONE: The CEQ Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

90. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

91. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

92. The CEQ violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

93. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the CEQ in the foreseeable future.

94. The Center's organizational activities will be adversely affected if the CEQ is allowed to continue violating FOIA's disclosure provisions as it has in this case.

95. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the CEQ will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: The FWS Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

96. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

97. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

98. The FWS violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

99. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the FWS in the foreseeable future.

100. The Center's organizational activities will be adversely affected if the FWS is allowed to continue violating FOIA's disclosure provisions as it has in this case.

101. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the FWS will continue to violate the Center's rights to receive public records under FOIA.

COUNT THREE: The BLM Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

102. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

103. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

104. The BLM violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

105. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the BLM in the foreseeable future.

106. The Center's organizational activities will be adversely affected if the Federal Reserve is allowed to continue violating FOIA's disclosure provisions as it has in this case.

107. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the BLM will continue to violate the Center's rights to receive public records under FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, with the cut-off date for such search being the date the search is conducted, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2. Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

3. Declare that Defendants' failure to disclose the requested records to Plaintiff, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6), 552(a)(7).

5. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

6. Grant such other and further relief as the Court may deem just and proper.

* * *

DATED: July 9, 2020

Respectfully submitted,

*/s/ William J. Snape, III*
William J. Snape, III (D.C. Bar No. 455266)
Paulo A. Lopes (D.C. Bar No. 1012910)
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(202) 536-9351 (cell)
(202) 274-4443 (land)
wsnape@wcl.american.edu
plopes@biologicaldiversity.org

*Attorneys for Plaintiff*